IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| JIM B. ESTES, PRO SE, § | |
| also known as CATFISH JIM ESTES, § | |
| also known as JIM ESTES, § | |
| also known as J. B. ESTES, § | |
| also known as JAMES BYERS ESTES, JR., § | |
| TDCJ-CID No. 1003415, § | |
| Previous TDCJ-CID No. 450903, § | |
| Previous TDCJ-CID No. 816608, § | |
| Previous TDCJ-CID No. 292511, § | |
| NVID No. 29107, § | |
| LVFCI No. 29108-048, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:11-CV-0023 |
| § | |
| JAVET RAHORST ET AL., § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION TO GRANT, IN PART,
AND DENY, WITHOUT PREJUDICE, IN PART,
DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)
OR, ALTERNATIVELY, MOTION FOR RULE 7(a) REPLY**

Before the Court for consideration is the December 28, 2011 motion to dismiss under Rule 12(b)(6) or, alternatively, motion for Rule 7(a) reply filed by defendants LEEAH and WALLACE in the above-referenced and numbered cause. Plaintiff filed his response in opposition on January 20, 2012.

By his amended complaint, as supplemented by the October 20, 2011 *Spears* hearing, plaintiff alleges, in relevant part[1], defendants WALLACE, the facility Health Administrator, and Dr. LEEAH, Regional Medical Director, violated his Eighth Amendment right to be free from cruel and unusual punishment and his state right to adequate medical care. Plaintiff sues each defendant in

---

[1]By the November 28, 2011 Report and Recommendation, the Magistrate Judge recommended dismissal of plaintiff's claims against defendants RAHORST, JONES, and McDUFFIE. Only defendants Wallace and Leeah have been ordered to answer.

his official and individual capacities. Plaintiff alleges defendant Dr. LEEAH authorized a confiscation of the T.E.N.S. unit in November 2010 and the discontinuation of plaintiff's prescription medication. Plaintiff alleges defendant WALLACE, the Facility Health Administrator, approved the November 2010 confiscation of his T.E.N.S. unit. Plaintiff alleges these acts or omissions have left him in great pain.

Plaintiff requests the T.E.N.S. unit be returned to him, his pain medication reinstated, and various other injunctive relief including expedited treatment by a specialist and that defendants be restrained from interfering with any treatment prescribed. Plaintiff also requests compensatory damages of $500,000.00. punitive damages in an unspecified sum, and $1.00 in nominal damages.

### RULE 12(b)(6) MOTION TO DISMISS OR FOR RULE 7(a) REPLY

By their "Motion to Dismiss under Rule 12(b)(6) or, Alternatively, Motion for Rule 7(a) Reply," defendants argue: (1) plaintiff's claims against them are barred by the statute of limitations; (2) his allegations fail to state a claim on which relief can be granted; (3) they are entitled to qualified immunity from suit; and (4) plaintiff has not alleged facts showing he is currently denied access to a TENS unit or that defendants are involved in a continuing constitutional violation.

Defendants ask that plaintiff's claims be dismissed or that plaintiff be required to submit a Reply under Rule 7(a), Federal Rules of Civil Procedure.

Plaintiff responds his claims are not barred by limitations, he has made sufficient allegations of an ongoing deprivation of the TENS unit, and of the medications, Robaxin and Tramadol, to state a claim. Plaintiff further argues he has shown his entitlement to injunctive relief and has defeated defendants' entitlement to qualified immunity.

**STANDARD OF REVIEW UNDER RULE 12(b)(6)**

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). If the complaint lacks a required element which is a prerequisite to obtaining relief, dismissal is proper. *Clark v. Amoco Prods. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). In reviewing a motion for 12(b)(6) dismissal, the court must consider all of plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan, Stanley, Dean, Witter, & Co.*, 313 F3d 305, 312 (5th Cir. 2002). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001)(quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

All reasonable inferences must be drawn in favor of the non-movant's claims, *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); and the *pro se* litigant's pleadings should be afforded a liberal construction, even if they are inartfully phrased. *See Erickson . Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 164 L.Ed.2d 1081 (2007).

Dismissal for failure to state a claim does not require a determination that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Instead,

"[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, _____, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted).

Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*. (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## THE LAW AND ANALYSIS

**Qualified Immunity and Rule 7(a) Reply**

To the extent defendants are requesting dismissal of plaintiff's claims on the basis of qualified immunity or a Rule 7(a) Reply, that request must be denied without prejudice to being reasserted after an Answer has been filed. In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the Fifth Circuit recognized the Supreme Court's decisions on *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) and *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) and holding qualified immunity is a defense which the defendant must plead. In the absence of an Answer, no such plea is before the Court.

Further, Federal Rule of Civil Procedure 7(a) only makes provision for "if the Court orders one, a reply to an <u>answer</u>". FED. R. CIV. P. 7(a)(7)(emphasis added). Thus, in the wake of *Schultea*, it appears to this Court that a Rule 12(b)(6) motion to dismiss on the ground of qualified immunity may no longer be viable or that such is of questionable validity. *Schultea*, 47 F.3d at 1430 ("[W]e will no longer insist that plaintiff fully anticipate the defense in his complaint at the risk of dismissal under Rule 12.").

**Failure to State a Claim, Statute of Limitations, and Claim for Injunctive Relief**

**PAIN MEDICATIONS**

The November 28, 2011 Report and Recommendation issued by the United States Magistrate Judge included analysis of plaintiff's claims concerning his pain medications but, through an oversight, did not include a recommendation based on that analysis. That analysis is repeated below and incorporated herein.

Plaintiff said the Tramadol and Robaxin were discontinued in August of 2011 because plaintiff "would not go out to stand in the cold to get his morning dose at 6:30 or 7:00" because it hurt his back more and defeated the purpose of the medication. Plaintiff said he was determined to be "noncompliant" because he was only taking these medications 80% of the time.

Dr. LEEAH testified Tramadol is a non-opioid agonist which was treated in the prison and by most in the free world as a controlled substance because it had a high frequency of misuse, diversion, and trafficking and trading. Therefore, they (prison officials) have strict criteria to evaluate a patient for provision of Tramadol. As to the Robaxin, it does not have FDA approval for long-term chronic pain management. That would be an off-label use. Dr. LEEAH stated such use raised a red flag with the pharmacist who referred it to Dr. LEEAH and he consulted with another clinical pharmacist and reviewed the literature. He decided the pain management physician had prescribed it initially for use for a limited period to be replaced by the T.E.N.S. unit.

Plaintiff responded the medications were prescribed to him by a specialist in neurology and orthopedics who prescribed them because plaintiff was in pain and they helped. Plaintiff said they had been replaced by Naproxin and a neural blocking drug which are not adequate. He said his back had degenerated to the extent that his nerve was being pinched and he was losing use of his left leg.

Prison officials violate the Eighth Amendment prohibition against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain. *Davidson v. Texas Dep't of Criminal Justice,* 91 F.App'x 963, 964 (5th Cir.2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The Second Circuit has ruled a serious medical need includes the existence of chronic and substantial pain. Cole v. Levitt, No. 07-CV-00767(M), 2009 WL 4571828, (W.D.N.Y. Dec. 4, 2009). The Ninth Circuit has opined that "a serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Lolli v. County of Orange,* 351 F.3d 410, 419 (9th Cir.2003) (internal quotation omitted).

Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir.2006) (quoting *Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer,* 511 U.S. at 838.

Plaintiff must show "prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson,* 91 F. App'x at 965 (quoting *Domino,* 239 F.3d at 756). The Plaintiff is not entitled to the "best" medical treatment available.

*McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir.1978); *Irby v. Cole,* No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D.Miss. Sept.25, 2006). "Deliberate indifference exists wholly independent of an optimal standard of care." *Gobert v. Caldwell,* 463 F.3d 339, 349 (5th Cir.2006). A prisoner's, or some other layperson's, disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton,* 1 F.3d 315, 319 (5th Cir.1993).

Plaintiff's own testimony and the unchallenged testimony of Dr. LEEAH clearly demonstrate the action with respect to plaintiff's medications was taken for medical considerations and that plaintiff has been given substitute medications, even though he doesn't feel they are as effective as the discontinued medications. While the new medications differ from those prescribed by his previous physician, this alone does not raise an issue of deliberate indifference. *See Williams v. Smith*, 2009 WL 2431948, *9 (S.D.N.Y.2009) ("a prison doctor who relies on his medical judgment to modify or disagree with an outside specialist's recommendation of how to treat an inmate is not said to act with deliberate indifference." Plaintiff has failed to allege facts which will state a claim of deliberate indifference against anyone regarding the change in prescription medication.

**TENS UNIT**

As set forth in the November 28, 2011 Report and Recommendation at page 4, plaintiff testified at the October 20, 2011 *Spears* hearing that his TENS unit was last confiscated on November 16, 2010, for security reasons. Thereafter, plaintiff states he was given limited use of the TENS unit for four 15-minute periods each day while he remained at the Neal Unit. Plaintiff said

he was later transferred to the Clements Unit and has had no access to the TENS unit at all since his transfer. Plaintiff testified he is in pain every day.

The Court notes a *pro se* plaintiff's statements at a *Spears* hearing are considered and given the effect of an amendment to his complaint. *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir.1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint). The Court carefully analyzed plaintiff's claims in light of the *Spears* hearing and his amended complaint, and explained the claim(s) which remained, along with their basis in plaintiff's factual allegations. A review of the November 28, 2011 Report and Recommendation reflects a substantial portion of that Report and Recommendation summarized the details of the *Spears* hearing. Such Report and Recommendation was filed of record and was available to counsel for defendants.

While neither plaintiff's amended complaint nor the testimony, including that of Dr. LEEAH, received at the *Spears* hearing indicates the precise date on which defendant Wallace ordered or approved the last confiscation of plaintiff's TENS unit or the precise date on which Dr. LEEAH approved the last confiscation of plaintiff's TENS unit, the November 16, 2010 confiscation date to which plaintiff testified would appear to indicate plaintiff's November 8, 2011 amended complaint asserted these claims within the two-year statute of limitations. Defendants have failed to point to anything in the pleadings which would indicate otherwise.

Taking into consideration plaintiff's testimony at the *Spears* hearing and its effect on his claims, the Court finds defendants' argument that plaintiff's remaining claim fails to state a claim, and/or is barred by limitations, and/or does not state a claim eligible for injunctive relief is without merit.

## CONCLUSION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that defendants' motion to dismiss on the basis of qualified immunity or for a Rule 7(a) reply be DENIED WITHOUT PREJUDICE TO BEING REASSERTED FOLLOWING AN ANSWER; defendants' motion to dismiss with respect to plaintiff's claim concerning discontinuation of his prescriptions for Robaxin and Tramadol be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, and the remainder of defendants' motion to dismiss be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of January, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely

file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).